IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN D. KASCHAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKERS HEALTHCARE | ) |
| GROUP, LLC; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff Jonathan D. Kaschak brings this action against Defendants Bankers Healthcare Group, LLC, to secure redress for the making of usurious loans. Plaintiff seeks damages pursuant to the Illinois Interest Act, 815 ILCS 205/6 (Count I), damages under the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. (Count II), and damages pursuant to the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* (Count III).

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1332 (diversity), 15 U.S.C. §1693m (Electronic Fund Transfer Act), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. § 1367 (supplemental jurisdiction). As set forth below, the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over Defendant because it:

   a. Knowingly made and collected unlawful loans to Illinois residents. In similar actions against interstate lenders, courts have held that personal jurisdiction over the persons involved in making the loans exists in the state where the

borrower obtained a loan via the Internet, and in which loan funds were disbursed via ACH transfer. *Gingras v. Rosette*, 5:15cv101, 2016 U.S. Dist. LEXIS 66833, 2016 WL 2932163, at *2-3, *9 (D. Vt. May 18, 2016), *aff'd sub nom. Gingras v. Think Fin., Inc.*, 922 F.3d 112 (2d Cir. 2019) (finding that tribal lending entity's contacts with Vermont "would have been sufficient to subject [the tribal entity] to personal jurisdiction in Vermont" for purposes of claims for violations of state and federal law, including state usury laws and RICO, where tribal entity operated a website that advertised loans in Vermont, sent emails and loan applications to Vermont consumers and transferred loan principal to consumers' Vermont bank accounts); *Duggan v. Martorello*, 18cv12277, 2022 U.S. Dist. LEXIS 58075, at *33-34, 2022 WL 952183 (D. Mass. Mar. 30, 2022); *Dawkins v. Blue Dart Ventures*, 8:20cv2353, 2021 U.S. Dist. LEXIS 130297 (M.D. Fla. Apr. 1, 2021).

      b.      Selected which states to offer loans in, thereby targeting those states. *Illinois v. Hemi Group, LLC,* 622 F.3d 754, 760 (7th Cir. 2010).

4. Venue is proper because acts to obtain and collect the loans impacted Plaintiff in Illinois.

5. Article III is satisfied because actions for statutory damages and invalidation of loans for usury were entertained by the courts of England and the United States in 1787. English Usury Act of 1713, 12 Anne Session 2 c. 17. All thirteen original American states replaced the English usury statutes with their own usury laws between 1641 and 1791. Christopher L. Peterson, *Usury Law, Payday Loans, and Statutory Sleight of Hand: Salience Distortion in American Credit Pricing Limits*, 92 Minnesota Law Review 1110, 1116-18 (April 2008), summarizing statutes allowing 5% to 8%

interest.

## PARTIES

6. Plaintiff Jonathan D. Kaschak is a citizen of Illinois who resides and is domiciled in LaSalle County, Illinois. He resides in a home which he owns.

7. At all relevant times, Plaintiff has been employed as an electrical utility lineman. He has not been engaged in any business.

8. Defendant Bankers Healthcare Group, LLC is a limited liability company organized under Florida law with principal offices at 10234 W State Road 84, Davie, FL 33324.

9. At no time has Defendant Healthcare Group, LLC held any license from the State of Illinois to make consumer loans in excess of 9%, nor a bank or credit union charter.

10. Defendant Bankers Healthcare Group, LLC is engaged in the business of making high-interest loans to consumers.

11. Defendant Bankers Healthcare Group, LLC documents its loans as "business loans" in order to avoid compliance with rate restrictions applicable to consumer loans.

12. Defendant Bankers Healthcare Group, LLC has two managers, Albert Crawford and Barbara Castro. On information and belief, both are citizens of Florida and may be found at 10234 W State Road 84, Davie, FL 33324.

13. Defendant was aware of the illegality of the practices complained of herein as a result of prior litigation alleging that Bankers Healthcare Group, LLC documented loans for personal purposes as business loans. *Flowers v. Bankers Healthcare Group, LLC*, 2:21cv6896 (C.D.Cal.), removed from state court.

3

**FACTS**

14. In 2021, Plaintiff received a flyer sent by or on behalf of Defendant Bankers Healthcare Group, LLC and offering loans.

15. Plaintiff had a large number of personal debts and desired to reduce the rate he was paying on them. He therefore contacted Defendant Bankers Healthcare Group, LLC via Internet in response to the flyer.

16. Defendant Bankers Healthcare Group, LLC responded by email.

17. Defendant Bankers Healthcare Group, LLC offered a loan to Plaintiff.

18. Defendant Bankers Healthcare Group, LLC stated that it would document the loan as a business loan.

19. Plaintiff informed Defendant Bankers Healthcare Group, LLC that he was not engaged in any business.

20. Defendant Bankers Healthcare Group, LLC responded that it would state that Plaintiff was a "consultant" for its own purposes and so it would not have to report the loan on Plaintiff's personal credit report.

21. Plaintiff was not a "consultant."

22. Defendant Bankers Healthcare Group, LLC knew Plaintiff was not a "consultant," or engaged in any business.

23. The loan proceeds were used for personal, family or household purposes and not for any business purposes.

24. Plaintiff furnished a Social Security Number to Defendant rather than an Employer Identification Number. Plaintiff also provide copies of paystubs to Defendant. When asked for the purpose of the loans, Plaintiff advised that they included paying off credit cards and other loans.

25. Defendant Bankers Healthcare Group, LLC failed to disclose that the reason for documenting the loan as a business loan was to evade Illinois restrictions on the rate of interest that may be charged.

26. On or about July 2, 2021, Bankers Healthcare Group, LLC made a loan to Plaintiff, as follows:

    a. The nominal principal was $125,355.

    b. Only $111,955 was disbursed to Plaintiff.

    c. Plaintiff was to make 84 payments of $2,689.34 each.

    d. All repayments must be made via ACH debit.

    e. Plaintiff could not repay the loan for at least 48 months.

    f. The loan was governed by Illinois law.

27. A copy of the loan documents are in Appendix A.

28. The annual percentage rate on the loan was approximately 22.96%, as shown by Appendix B.

29. Plaintiff needed more money and approached Bankers Healthcare Group, LLC to refinance the first loan and extend additional credit. Bankers Healthcare Group, LLC would not refinance the first loan but offered additional credit.

30. On or about September 21, 2022, Bankers Healthcare Group, LLC made a second loan to Plaintiff, as follows:

    a. The nominal principal was $76,900.

    b. Only $69,955 was disbursed to Plaintiff.

    c. Plaintiff was to make 96 payments of $1,207.56 each.

    d. All repayments must be made via ACH debit.

      e.      Plaintiff could not repay the loan for at least 12 months.

      f.      The loan was purportedly governed by Florida law.

31.    A copy of the loan documents are in Appendix C.

32.    The annual percentage rate on the loan was approximately 13.810%, as shown by Appendix D.

33.    Plaintiff made substantial payments under both loans.

34.    Plaintiff was damaged by the conduct complained of, in that he obtained two usurious and oppressive loans, the purpose of which was covered up, without understanding the rates at which they were made, or receiving the proper disclosures.

## COUNT I – ILLINOIS INTEREST ACT

35.    Plaintiff incorporates paragraphs 1-34.

36.    Under Illinois law, it is unlawful for anyone who does not have a bank or credit union charter or a consumer lending license issued by the Illinois Department of Financial and Professional Regulation to make loans at more than 9% interest. 815 ILCS 205/4.

37.    Any loans to Illinois residents at more than 9% that are made by unlicensed lenders violate the Interest Act, 815 ILCS 205/4, and are subject to statutory damages under 815 ILCS 205/6.

38.    Defendant contracted for a loan at more than 9% interest from Plaintiff in violation of 815 ILCS 205/4.

39.    Plaintiff is entitled to statutory damages of $227,925.60 for the first loan and $91,980.44 for the second loan, minus any unpaid principal, under 815 ILCS 205/6.

40.    The prohibition in 815 ILCS 205/4 cannot be evaded by statements that the loan was for business purposes, if it in fact was not. Illinois courts have consistently held that for

purposes of determining whether usury exists, the substance and not the form of transactions controls. *Grove v. Chicago Title & Trust Co.,* 25 Ill.App.2d 402, 166 N.E.2d 630 (1st Dist. 1960); *Mills v. State Nat. Bank*, 28 Ill.App.3d 830, 329 N.E.2d 255, 258 (1st Dist. 1975) ("Courts will not countenance an evasion of the usury statute and accordingly will look to the substance and not the form of a transaction."); *Hunter v. Hatch*, 45 Ill. 178, 182 (1867) ("If this change in the form was intended as a device to cover usury, it must fail, as courts of equity regard the substance and not the form of agreements assumed to evade the usury laws.").

41. The issue in all cases is whether more than half of the loan proceeds were in fact used for business or commercial purposes. *Bokros v. Assocs. Fin., Inc.,* 607 F. Supp. 869, 872 (N.D. Ill. 1984) (Shadur, J.); *Drew v. Ocwen Loan Servicing, LLC*, 8:14cv369, 2015 U.S. Dist. LEXIS 134163, at *6, 2015 WL 5637569 (M.D. Fla. Sep. 17, 2015); *Drakeford v. Capital Ben., Inc.*, 20cv04161, 2020 U.S. Dist. LEXIS 114371, at *4, 2020 WL 11599179 (N.D. Cal. June 30, 2020), later opinion, 2022 U.S. Dist. LEXIS 120934, 2022 WL 2643984 (N.D. Cal. July 8, 2022); *Cashmere Valley Bank v. Brender*, 158 Wash. 2d 655, 660, 146 P.3d 928, 930 (2006); *Johnson v. Lafayette Capital Grp., Inc. (In re Johnson),* 09bk52288 and 09ap5107, 2010 Bankr. LEXIS 4012, at *6-7 (Bankr. N.D. Cal. Nov. 8, 2010).

42. These cases are codified as the public policy of Illinois in the Predatory Loan Prevention Act, 815 ILCS 123/15-5-15(a), which provides that "No person or entity may engage in any device, subterfuge, or pretense to evade the requirements of this Act, including, but not limited to, making loans disguised as a personal property sale and leaseback transaction; disguising loan proceeds as a cash rebate for the pretextual installment sale of goods or services; or making, offering, assisting, or arranging a debtor to obtain a loan with a greater rate or interest, consideration, or charge than is permitted by this Act through any method including mail, telephone, internet, or any electronic means regardless of whether the person or entity has a physical location in

the State." Obligations under the PLPA include complying with the Interest Act and other laws. 815 ILCS 123/15-5-5.

43. The Illinois Department of Financial and Professional Regulation has repeatedly brought cases against unlicensed out of state lenders that make loans via the Internet or similar means to Illinois residents in Illinois. *E.g., In the Matter of Red Leaf Ventures, LLC,* No. 12 CC 569 (https://www.idfpr.com/dfi/ccd/Discipline/RedLeafVenturesCDOrder12CC569.pdf), *In the Matter of Money Mutual, LLC*, No. 12 CC 408 (https://www.idfpr.com/dfi/ccd/Discipline/ MoneyMutualCDOrder12CC408.pdf); *In the Matter of Hammock Credit Services*, No. 12 CC 581 (https://www.idfpr.com/dfi/ccd/Discipline/HammockCreditCDOrder12CC581.pdf); *In the Matter of Makes Cents, Inc., d/b/a Maxlend*, No. 17 CC 133 (https://www.idfpr.com/dfi/ CCD/Discipline/17CC133%20-%20Make%20Cents%20dba%20Maxlend%20Cease%20and%20Desist%20Order%20Bob%208%2016%202017.pdf).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    i. Statutory damages as provided in 815 ILCS 205/6;

    ii. Attorney's fees, litigation expenses and costs of suit; and

    iii. Such other and further relief as the Court deems proper.

## COUNT II – ELECTRONIC FUNDS TRANSFER ACT

44. Plaintiff incorporates paragraphs 1-34.

45. The Electronic Funds Transfer Act prohibits conditioning the making of a consumer loan on repayment by electronic fund transfers. 15 U.S.C. §1693k provides that "No person may— (1) condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers; . . . ."

46. Defendants violated this prohibition in the case of both loans.

47. Plaintiff was therefore impeded in ceasing payment of the unlawful loans.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit; and

    iii. Such other and further relief as the Court deems proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

48. Plaintiff incorporates paragraphs 1-34.

49. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

    a. Making a usurious and oppressive loan;

    b. Resorting to false statements of business purpose to cover up and conceal the usurious nature of the loan;

    c. Violating the Electronic Funds Transfer Act.

50. Defendant engaged in such conduct in the course of trade and commerce.

51. Defendant engaged in such conduct to obtain money from Plaintiff.

52. Defendant has a pattern and practice of such conduct, as evidenced by the prior litigation against it.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    i. Compensatory damages;

    ii. Punitive damages;

      iii.      Attorney's fees, litigation expenses and costs of suit; and

      iv.      Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 62970473)
Ingrid L. Hofeldt (ARDC 6342019)
**EDELMAN, COMBS, LATTURNER**
      **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

10

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

T:\40221\Pleading\Complaint DAE 10-29-23_Pleading.WPD