**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JONATHAN D. KASCHAK,

                Plaintiff,

    v.

BANKERS HEALTHCARE
GROUP, LLC,

                Defendant.

Case No. 1:23-cv-15452
Hon. Steven C. Seeger

**DEFENDANT BANKERS HEALTHCARE GROUP, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Bankers Healthcare Group, LLC ("BHG"), by and through BHG's attorneys, responds as follows to the allegations in Plaintiff's Complaint filed on October 30, 2023 ("Complaint"). The Complaint includes references to documents that have been manufactured, excerpted, paraphrased, mischaracterized, and otherwise taken out of context. These documents must be considered in context and in unmodified form, and BHG respectfully refers the Court to the documents for their complete contents. BHG denies all allegations that are not expressly admitted below, including any allegations in the prayer for relief or headings. To the extent not expressly denied, all allegations for which BHG denies possessing knowledge or information sufficient to form a belief are denied.

BHG further answers as follows:

## COMPLAINT

1.    Plaintiff Jonathan D. Kaschak brings this action against Defendants Bankers Healthcare Group, LLC, to secure redress for the making of usurious loans.  Plaintiff seeks damages pursuant to the Illinois Interest Act, 815 ILCS 205/6 (Count I), damages under the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. (Count II), and damages pursuant to the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* (Count III).

**ANSWER:** Paragraph 1 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG admits that Plaintiff brings this action against BHG under the Illinois Interest Act, the Electronic Fund Transfer Act, and the Illinois Consumer Fraud Act. BHG denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1332 (diversity), 15 U.S.C. §1693m (Electronic Fund Transfer Act), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. § 1367 (supplemental jurisdiction). As set forth below, the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** Paragraph 2 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG admits that the requirements of 28 U.S.C. 1332(a) are satisfied for purposes of this action only.  BHG denies the remaining allegations in Paragraph 2.

3.    This Court has personal jurisdiction over Defendant because it:

    *a.*    Knowingly made and collected unlawful loans to Illinois residents. In similar actions against interstate lenders, courts have held that personal jurisdiction over the persons involved in making the loans exists in the state where the borrower obtained a loan via the Internet, and in which loan funds were disbursed via ACH transfer. *Gingras v. Rosette*, 5:15cv101, 2016 U.S. Dist. LEXIS 66833, 2016 WL 2932163, at *2-3, *9 (D. Vt. May 18, 2016)*, aff'd sub nom. Gingras v. Think Fin., Inc.*, 922 F.3d 112 (2d Cir. 2019) (finding that tribal lending entity's contacts with Vermont "would have been sufficient to subject [the tribal entity] to personal jurisdiction in Vermont" for purposes of claims for violations of state and federal law, including state usury laws and RICO, where tribal entity operated a website that advertised loans in Vermont, sent emails and loan applications to Vermont consumers and transferred loan principal to consumers' Vermont bank accounts); *Duggan v.*

b.     *Martorello*, 18cv12277, 2022 U.S. Dist. LEXIS 58075, at *33-34, 2022 WL 952183 (D. Mass. Mar. 30, 2022); *Dawkins v. Blue Dart Ventures*, 8:20cv2353, 2021 U.S. Dist. LEXIS 130297 (M.D. Fla. Apr. 1, 2021).

c.     Selected which states to offer loans in, thereby targeting those states. *Illinois v. Hemi Group*, *LLC,* 622 F.3d 754, 760 (7th Cir. 2010).

**ANSWER:** Paragraph 3 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG admits this Court has personal jurisdiction for purposes of this action only.  BHG denies the remaining allegations in Paragraph 3.

4.     Venue is proper because acts to obtain and collect the loans impacted Plaintiff in Illinois.

**ANSWER:** Paragraph 4 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG admits that venue is proper in this District.  BHG denies the remaining allegations in Paragraph 4.

5.     Article III is satisfied because actions for statutory damages and invalidation of loans for usury were entertained by the courts of England and the United States in 1787. English Usury Act of 1713, 12 Anne Session 2 c. 17. All thirteen original American states replaced the English usury statutes with their own usury laws between 1641 and 1791. Christopher L. Peterson, *Usury Law, Payday Loans, and Statutory Sleight of Hand: Salience Distortion in American Credit Pricing Limits*, 92 Minnesota Law Review 1110, 1116-18 (April 2008), summarizing statutes allowing 5% to 8% interest.

**ANSWER:** Paragraph 5 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG denies the allegations in Paragraph 5.

**PARTIES**

6.     Plaintiff Jonathan D. Kaschak is a citizen of Illinois who resides and is domiciled in LaSalle County, Illinois. He resides in a home which he owns.

**ANSWER:** BHG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7.     At all relevant times, Plaintiff has been employed as an electrical utility lineman. He has not been engaged in any business.

**ANSWER:** BHG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8. Defendant Bankers Healthcare Group, LLC is a limited liability company organized under Florida law with principal offices at 10234 W State Road 84, Davie, FL 33324.

**ANSWER:** BHG admits that it is a limited liability company organized under Florida law. BHG denies the remaining allegations in Paragraph 8.

9. At no time has Defendant Healthcare Group, LLC held any license from the State of Illinois to make consumer loans in excess of 9%, nor a bank or credit union charter.

**ANSWER:** Paragraph 9 asserts legal conclusions to which no response is required. To the extent a response is required, BHG admits that it does not hold a bank or credit union charter and admits that it does not hold an Illinois license to make consumer loans in excess of 9%. BHG denies that this has any bearing on this case, and avers that neither a bank or credit union charter nor a license to make consumer loans in excess of 9% is required for the commercial loans at issue in this case.

10. Defendant Bankers Healthcare Group, LLC is engaged in the business of making high-interest loans to consumers.

**ANSWER:** BHG denies the allegations in Paragraph 10.

11. Defendant Bankers Healthcare Group, LLC documents its loans as "business loans" in order to avoid compliance with rate restrictions applicable to consumer loans.

**ANSWER:** BHG denies the allegations in Paragraph 11.

12. Defendant Bankers Healthcare Group, LLC has two managers, Albert Crawford and Barbara Castro. On information and belief, both are citizens of Florida and may be found at 10234 W State Road 84, Davie, FL 33324.

**ANSWER:** BHG admits that Albert Crawford and Barbara Castro are involved in the management of the company, and that both are citizens of Florida. BHG denies the remaining allegations in Paragraph 12.

4

13.     Defendant was aware of the illegality of the practices complained of herein as a result of prior litigation alleging that Bankers Healthcare Group, LLC documented loans for personal purposes as business loans. *Flowers v. Bankers Healthcare Group, LLC*, 2:21cv6896 (C.D.Cal.), removed from state court.

**ANSWER:** BHG denies the allegations in Paragraph 13.

## FACTS

14.     In 2021, Plaintiff received a flyer sent by or on behalf of Defendant Bankers Healthcare Group, LLC and offering loans.

**ANSWER:** BHG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15.     Plaintiff had a large number of personal debts and desired to reduce the rate he was paying on them. He therefore contacted Defendant Bankers Healthcare Group, LLC via Internet in response to the flyer.

**ANSWER:** BHG admits that Plaintiff contacted BHG.  BHG lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15 and on that basis denies them.

16.     Defendant Bankers Healthcare Group, LLC responded by email.

**ANSWER:** BHG admits that it sent Plaintiff an email regarding Plaintiff's loan application.  BHG lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16 and on that basis denies them.

17.     Defendant Bankers Healthcare Group, LLC offered a loan to Plaintiff.

**ANSWER:** BHG admits the allegations in Paragraph 17.

18.     Defendant Bankers Healthcare Group, LLC stated that it would document the loan as a business loan.

**ANSWER:** BHG denies the allegations in Paragraph 18.

19.     Plaintiff informed Defendant Bankers Healthcare Group, LLC that he was not engaged in any business.

**ANSWER:** BHG denies the allegations in Paragraph 19.

20.     Defendant Bankers Healthcare Group, LLC responded that it would state that Plaintiff was a "consultant" for its own purposes and so it would not have to report the loan on Plaintiff's personal credit report.

**ANSWER:** BHG denies the allegations in Paragraph 20.

21.     Plaintiff was not a "consultant."

**ANSWER:** BHG lacks knowledge or information sufficient to form a belief as to the

allegations in Paragraph 21 and on that basis denies them.

22.     Defendant Bankers Healthcare Group, LLC knew Plaintiff was not a "consultant," or engaged in any business.

**ANSWER:** BHG denies the allegations in Paragraph 22.

23.     The loan proceeds were used for personal, family or household purposes and not for any business purposes.

**ANSWER:** BHG lacks knowledge or information sufficient to form a belief as to the

allegations in Paragraph 23 and on that basis denies them.

24.     Plaintiff furnished a Social Security Number to Defendant rather than an Employer Identification Number. Plaintiff also provide copies of paystubs to Defendant. When asked for the purpose of the loans, Plaintiff advised that they included paying off credit cards and other loans.

**ANSWER:** BHG admits that Plaintiff listed a Social Security Number in his application

for a commercial loan.  BHG further admits that Defendant provided copies of paystubs.  BHG

denies the remaining allegations in Paragraph 24.

25.     Defendant Bankers Healthcare Group, LLC failed to disclose that the reason for documenting the loan as a business loan was to evade Illinois restrictions on the rate of interest that may be charged.

**ANSWER:** BHG denies the allegations in Paragraph 25.

26.     On or about July 2, 2021, Bankers Healthcare Group, LLC made a loan to Plaintiff, as follows:

    a.     The nominal principal was $125,355.

    b.     Only $111,955 was disbursed to Plaintiff.

    c.        Plaintiff was to make 84 payments of $2,689.34 each.

    d.        All repayments must be made via ACH debit.

    e.        Plaintiff could not repay the loan for at least 48 months.

    f.        The loan was governed by Illinois law.

**ANSWER:** BHG refers to the loan documents attached to the Complaint and BHG's Motion to Dismiss for a complete and accurate statement of their terms. BHG denies the remaining allegations in Paragraph 26.

27.     A copy of the loan documents are in Appendix A.

**ANSWER:** BHG admits that Appendix A contains redacted copies of certain loan documents provided to Plaintiff, but the loan documents in Appendix A are incomplete. BHG refers to the loan documents attached to the Complaint and BHG's Motion to Dismiss for a complete and accurate statement of their terms.

28.     The annual percentage rate on the loan was approximately 22.96%, as shown by Appendix B.

**ANSWER:** BHG refers to the loan documents attached to the Complaint and BHG's Motion to Dismiss for a complete and accurate statement of their terms. BHG denies the remaining allegations in Paragraph 28.

29.     Plaintiff needed more money and approached Bankers Healthcare Group, LLC to refinance the first loan and extend additional credit. Bankers Healthcare Group, LLC would not refinance the first loan but offered additional credit.

**ANSWER:** BHG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 regarding Plaintiff's motivations in seeking to refinance the first loan and additional credit, and on that basis denies them. BHG admits that Plaintiff requested refinancing of the first loan, and that BHG did not refinance the first loan. BHG admits that it offered a second loan. BHG denies the remaining allegations in Paragraph 29.

30.     On or about September 21, 2022, Bankers Healthcare Group, LLC made a second loan to Plaintiff, as follows:

      a.      The nominal principal was $76,900.

      b.      Only $69,955 was disbursed to Plaintiff.

      c.      Plaintiff was to make 96 payments of $1,207.56 each.

      d.      All repayments must be made via ACH debit.

      e.      Plaintiff could not repay the loan for at least 12 months.

      f.      The loan was purportedly governed by Florida law.

**ANSWER:** BHG refers to the loan documents attached to the Complaint and BHG's Motion to Dismiss for a complete and accurate statement of their terms.  BHG denies the remaining allegations in Paragraph 30.

31.     A copy of the loan documents are in Appendix C.

**ANSWER:** BHG admits that Appendix C contains redacted copies of certain loan documents provided to Plaintiff, but the loan documents in Appendix C are incomplete.  BHG refers to the loan documents attached to the Complaint and BHG's Motion to Dismiss for a complete and accurate statement of their terms.

32.     The annual percentage rate on the loan was approximately 13.810%, as shown by Appendix D.

**ANSWER:** BHG refers to the loan documents attached to the Complaint and BHG's Motion to Dismiss for a complete and accurate statement of their terms.  BHG denies the remaining allegations in Paragraph 32.

33.     Plaintiff made substantial payments under both loans.

**ANSWER:** BHG admits that Plaintiff made payments on both loans.  BHG denies the remaining allegations in Paragraph 33.

34.     Plaintiff was damaged by the conduct complained of, in that he obtained two usurious and oppressive loans, the purpose of which was covered up, without understanding the rates at which they were made, or receiving the proper disclosures.

**ANSWER:** Paragraph 34 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG denies the allegations in Paragraph 34.

## COUNT I – ILLINOIS INTEREST ACT

35.     Plaintiff incorporates paragraphs 1-34.

**ANSWER:** BHG incorporates its preceding responses and denials in response to Paragraph 35.

36.     Under Illinois law, it is unlawful for anyone who does not have a bank or credit union charter or a consumer lending license issued by the Illinois Department of Financial and Professional Regulation to make loans at more than 9% interest. 815 ILCS 205/4.

**ANSWER:** Paragraph 36 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG refers to the statute for a complete and accurate statement of those provisions.  BHG denies the remaining allegations in Paragraph 36.

37.     Any loans to Illinois residents at more than 9% that are made by unlicensed lenders violate the Interest Act, 815 ILCS 205/4, and are subject to statutory damages under 815 ILCS 205/6.

**ANSWER:**  Paragraph 37 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG refers to the statute for a complete and accurate statement of those provisions.  BHG denies the remaining allegations in Paragraph 37.

38.     Defendant contracted for a loan at more than 9% interest from Plaintiff in violation of 815 ILCS 205/4.

**ANSWER:** Paragraph 38 asserts legal conclusions to which no response is required.  To the extent a response is required, BHG denies the allegations in Paragraph 38.

39.     Plaintiff is entitled to statutory damages of $227,925.60 for the first loan and $91,980.44 for the second loan, minus any unpaid principal, under 815 ILCS 205/6.

**ANSWER:** Paragraph 39 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 39.

40. The prohibition in 815 ILCS 205/4 cannot be evaded by statements that the loan was for business purposes, if it in fact was not. Illinois courts have consistently held that for purposes of determining whether usury exists, the substance and not the form of transactions controls. *Grove v. Chicago Title & Trust Co.,* 25 Ill.App.2d 402, 166 N.E.2d 630 (1st Dist. 1960); *Mills v. State Nat. Bank*, 28 Ill.App.3d 830, 329 N.E.2d 255, 258 (1st Dist. 1975) ("Courts will not countenance an evasion of the usury statute and accordingly will look to the substance and not the form of a transaction."); *Hunter v. Hatch*, 45 Ill. 178, 182 (1867) ("If this change in the form was intended as a device to cover usury, it must fail, as courts of equity regard the substance and not the form of agreements assumed to evade the usury laws.").

**ANSWER:** Paragraph 40 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 40.

41. The issue in all cases is whether more than half of the loan proceeds were in fact used for business or commercial purposes. *Bokros v. Assocs. Fin., Inc.,* 607 F. Supp. 869, 872 (N.D. Ill. 1984) (Shadur, J.); *Drew v. Ocwen Loan Servicing, LLC*, 8:14cv369, 2015 U.S. Dist. LEXIS 134163, at *6, 2015 WL 5637569 (M.D. Fla. Sep. 17, 2015); *Drakeford v. Capital Ben., Inc.*, 20cv04161, 2020 U.S. Dist. LEXIS 114371, at *4, 2020 WL 11599179 (N.D. Cal. June 30, 2020), later opinion, 2022 U.S. Dist. LEXIS 120934, 2022 WL 2643984 (N.D. Cal. July 8, 2022); *Cashmere Valley Bank v. Brender*, 158 Wash. 2d 655, 660, 146 P.3d 928, 930 (2006); *Johnson v. Lafayette Capital Grp., Inc. (In re Johnson),* 09bk52288 and 09ap5107, 2010 Bankr. LEXIS 4012, at *6-7 (Bankr. N.D. Cal. Nov. 8, 2010).

**ANSWER:** Paragraph 41 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 41.

42. These cases are codified as the public policy of Illinois in the Predatory Loan Prevention Act, 815 ILCS 123/15-5-15(a), which provides that "No person or entity may engage in any device, subterfuge, or pretense to evade the requirements of this Act, including, but not limited to, making loans disguised as a personal property sale and leaseback transaction; disguising loan proceeds as a cash rebate for the pretextual installment sale of goods or services; or making, offering, assisting, or arranging a debtor to obtain a loan with a greater rate or interest, consideration, or charge than is permitted by this Act through any method including mail, telephone, internet, or any electronic means regardless of whether the person or entity has a physical location in the State." Obligations under the PLPA include complying with the Interest Act and other laws. 815 ILCS 123/15-5-5.

**ANSWER:** Paragraph 42 asserts legal conclusions to which no response is required. To the extent a response is required, BHG refers to the statute for a complete and accurate statement of those provisions. BHG denies the remaining allegations in Paragraph 42.

43. The Illinois Department of Financial and Professional Regulation has repeatedly brought cases against unlicensed out of state lenders that make loans via the Internet or similar means to Illinois residents in Illinois. *E.g., In the Matter of Red Leaf Ventures, LLC,* No. 12 CC 569 (https://www.idfpr.com/dfi/ccd/Discipline/RedLeafVenturesCDOrder12CC569.pdf), *In the Matter of Money Mutual, LLC*, No. 12 CC 408 (https://www.idfpr.com/dfi/ccd/Discipline/ MoneyMutualCDOrder12CC408.pdf); *In the Matter of Hammock Credit Services*, No. 12 CC 581 (https://www.idfpr.com/dfi/ccd/Discipline/HammockCreditCDOrder12CC581.pdf); *In the Matter of Makes Cents, Inc., d/b/a Maxlend*, No. 17 CC 133 (https://www.idfpr.com/dfi/ CCD/Discipline/17CC133%20- %20Make%20Cents%20dba%20Maxlend%20Cease%20and%20De sist%20Order%20Bob%208%16%202017.pdf).

**ANSWER:** Paragraph 43 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 43.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      i.    Statutory damages as provided in 815 ILCS 205/6;

     ii.    Attorney's fees, litigation expenses and costs of suit; and

   iii.    Such other and further relief as the Court deems proper.

**ANSWER:** BHG denies that Plaintiff is entitled to any relief, including statutory damages, attorney's fees, litigations expenses, and costs of suit.

## COUNT II – ELECTRONIC FUNDS TRANSFER ACT

44. Plaintiff incorporates paragraphs 1-34.

**ANSWER:** BHG incorporates its preceding responses and denials in response to Paragraph 44.

45. The Electronic Funds Transfer Act prohibits conditioning the making of a consumer loan on repayment by electronic fund transfers. 15 U.S.C. §1693k provides that "No

person may— (1) condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers; . . . ."

**ANSWER:** Paragraph 45 asserts legal conclusions to which no response is required. To the extent a response is required, BHG refers to the statute for a complete and accurate statement of those provisions. BHG denies the remaining allegations in Paragraph 45.

46. Defendants violated this prohibition in the case of both loans.

**ANSWER:** Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 46.

47. Plaintiff was therefore impeded in ceasing payment of the unlawful loans.

**ANSWER:** Paragraph 47 asserts legal conclusions to which no response is required. To the extent a response is required, BHG lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and on that basis denies them.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      i.    Statutory damages;

      ii.    Attorney's fees, litigation expenses and costs of suit; and

      iii.    Such other and further relief as the Court deems proper.

**ANSWER:** BHG denies that Plaintiff is entitled to any relief, including statutory damages, attorney's fees, litigations expenses, and costs of suit.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

48. Plaintiff incorporates paragraphs 1-34.

**ANSWER:** BHG incorporates its preceding responses and denials in response to Paragraph 48.

49. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

a.      Making a usurious and oppressive loan;

b.      Resorting to false statements of business purpose to cover up and conceal the usurious nature of the loan;

c.      Violating the Electronic Funds Transfer Act.

**ANSWER:** Paragraph 49 asserts legal conclusions to which no response is required. To the extent a response is required, BHG states that the Court has dismissed Plaintiff's claim under the deceptiveness prong of the Illinois Consumer Fraud Act, and that allegation therefore requires no answer. BHG denies the remaining allegations in Paragraph 49.

50.      Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:** Paragraph 50 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 50.

51.      Defendant engaged in such conduct to obtain money from Plaintiff.

**ANSWER:** Paragraph 51 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 51.

52.      Defendant has a pattern and practice of such conduct, as evidenced by the prior litigation against it.

**ANSWER:** Paragraph 52 asserts legal conclusions to which no response is required. To the extent a response is required, BHG denies the allegations in Paragraph 52.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

i.      Compensatory damages;

ii.      Punitive damages;

iii.      Attorney's fees, litigation expenses and costs of suit; and

iv.      Such other and further relief as the Court deems proper.

13

**ANSWER:** BHG denies that Plaintiff is entitled to any relief, including compensatory damages, punitive damages, attorney's fees, litigations expenses, and costs of suit.

## AFFIRMATIVE DEFENSES

BHG asserts the following affirmative defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiff. BHG reserves the right to amend or supplement its defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches. Plaintiff waived any right to bring claims based on the conduct alleged in the Complaint by applying for and entering into agreements for commercial loans that he represented would be used to finance his business. On two separate occasions, Plaintiff submitted loan applications stating he was a consultant and owner of a sole proprietorship seeking financing for business purposes. Plaintiff also signed loan agreements acknowledging, warranting, and representing that the loans were obtained through a commercial transaction and that he was in fact a business owner. Furthermore, Plaintiff executed statements of purpose attesting that his loans were commercial, and that the loan proceeds would be used primarily for purposes other than personal, family, or household purposes. Plaintiff then confirmed the accuracy of these statements to BHG in recorded phone calls. Because BHG reasonably relied on Plaintiff's representations in entering into the loan agreements at issue, Plaintiff is estopped from bringing this action. Plaintiff did not bring this action until over a year after obtaining his second loan and two years after being on notice of BHG's alleged conduct. Thus, Plaintiff is barred from pursuing this action.

14

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of consent and/or acquiescence, as Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint. Plaintiff repeatedly represented that he was a sole proprietor, that he was entering into a commercial transaction, and that any loan proceeds would be used for business purposes. Plaintiff acknowledged and agreed to the terms of the loans, including but not limited to the total amount owed, payment schedule, fees associated with disbursing the loan, and method of payment. Plaintiff is therefore barred from pursuing this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the alleged claims. Plaintiff fails to allege any concrete injury resulting from the preauthorization of electronic fund transfers in the loan documents he signed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification. Plaintiff did not rely upon any conduct by BHG in entering into the agreement for either loan, and accepted and ratified the imposition of the terms and amounts owed under the agreements for both loans.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine. Plaintiff did not rely upon any conduct by BHG in entering into the agreement for either loan and agreeing to pay the interest amounts listed in the loan agreements.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not rely upon any conduct by BHG in entering into the agreement for either loan. To the contrary, Plaintiff made multiple

representations attesting to the business purpose of his loans, which BHG reasonably relied upon in entering into the loan agreements.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely upon any statements, omissions or conduct of BHG, and any alleged statements and/or omissions were not material in nature. Plaintiff fails to identify any statement by BHG that he purportedly relied upon in entering into the loan agreements. Plaintiff also fails to identify any disclosures that BHG allegedly failed to provide, or how he was harmed by the purported omission of those disclosures.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because BHG had no sufficient intent for the commission of the matters alleged in the Complaint. Plaintiff fails to allege that BHG intentionally charged an interest rate in excess of the Illinois Interest Act's limit for consumer loans, as BHG entered into agreements for commercial loans based on Plaintiff's representations that the loan proceeds would be used for business purposes. Plaintiff also fails to allege any facts sufficient to show that BHG committed a deceptive or unfair act, or that BHG intended for Plaintiff to rely on that act in entering into the loan agreements.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not identified any specific disclosures that he should have received but did not receive. The loan documents that Plaintiff received and signed disclosed the commercial purpose of the loans, as well as the interest rate, total amount owed, payment schedule, fees associated with disbursing the loan, and method of payment for the loans.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the Illinois Interest Act, 815 ILCS 205/4(1)(c), because the loans were "business loan[s] . . . to a person owning and operating a business as sole proprietor[.]" Plaintiff confirmed orally and in writing that the commercial loans that he applied for and obtained would be used to finance his sole proprietorship. BHG was entitled to rely on Plaintiff's representations about the business purpose of his loans.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, because the Electronic Fund Transfer Act, 15 U.S.C. § 1693k is not a predicate offense.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the by the ICFA, 815 ILCS 505/2, because the interest rates on Plaintiffs loans are not unfair. Even if Plaintiff's commercial loans could be recharacterized as consumer, the alleged annual percentage rates (APRs) for both loans fall significantly below the maximum allowable rate under the Predatory Loan Prevention Act, 815 ILCS 123/15-5-5, and therefore do not violate Illinois public policy. Plaintiff also fails to allege facts sufficient to establish that BHG's alleged conduct was so oppressive he could not help but submit to taking out the loans. Indeed, Plaintiff alleges no facts at all about the other credit options available to him, much less facts showing that he had no other option but to turn to BHG for financing. Finally, Plaintiff's only alleged injury is monetary loss incurred from the purportedly excessive interest rate on his loans, but settled law holds that this is insufficient to establish a claim for unfairness.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands because Plaintiff repeatedly misrepresented material facts to BHG and in his loan applications, including the nature or existence of the sole proprietorship seeking the loans, and the business purpose those loans were intended to serve.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §1693m(g), because Plaintiff did not file his lawsuit within one year from the date of the occurrence of the alleged EFTA violation. The loan agreements that Plaintiff contends violated the EFTA were executed on July 2, 2021 and September 21, 2022, but Plaintiff did not file suit until October 30, 2023.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the EFTA, 15 U.S.C. §1693, because BHG has fully complied with the EFTA and the regulations promulgated by any and all federal agencies regulating BHG.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he seeks any remedy to which he is not entitled under the EFTA, 15 U.S.C. §1693m, including but not limited to the cap applicable to individual actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's cause of action against BHG was brought in bad faith or for purposes of harassment, therefore, pursuant to the EFTA, 15 U.S.C. §1693m(f), BHG is entitled to its reasonable attorneys' fees and costs incurred

as a result of this action.  Plaintiff brings an EFTA claim even though the loan agreements he signed expressly permit alternative methods for payment other than preauthorized electronic fund transfers.  Plaintiff also fails to allege any concrete injury resulting from the alleged EFTA violation.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any actual damages as a result of any conduct by BHG.  Plaintiff fails to allege that the interest rates and fees for his loans exceeded the actual value of the loans, or that he could have obtained the same loans with lower interest rates and fees from other lenders.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any losses or damages allegedly sustained by Plaintiff are *de minimis* and not compensable.  Indeed, Plaintiff has not suffered any actual damages from BHG's alleged conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff failed, refused, and/or neglected to take reasonable steps to mitigate his alleged damages, if any, as he proceeded to enter into the agreements for the loans and make payments on the loans despite notices of the terms therein and amounts that would be owed, thus barring or diminishing any recovery by him.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any damages Plaintiff allegedly sustained were not proximately caused by BHG's alleged conduct. Having acknowledged, warranted, and represented that any loan proceeds would be used for commercial purposes, Plaintiff could not have been misled into believing that the loans were consumer, not

commercial.  Plaintiff could not have been deceived about the terms of the loans because the loan documents he received and signed disclosed the total amount owed, payment schedule, fees associated with disbursing the loan, and method of payment for the loans.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were proximately caused or contributed to by the acts, omissions, negligence, and/or intentional misconduct of Plaintiff, and were not caused by BHG.  Plaintiff applied for and obtained the loans based on his repeated representations that any loan proceeds would be used for commercial purposes in connection with a business he owned.  Plaintiff therefore could not have been misled about the commercial nature of the loans, and any damages Plaintiff allegedly suffered from entering into the loan agreements resulted from Plaintiff's own acts.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

BHG is entitled to reduce any recovery by Plaintiff by way of setoff or recoupment based on the amount owed for the loans, as Plaintiff stopped making payments on both loans in October 2023.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

BHG has not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery proceedings or otherwise.  BHG further reserves the right to amend its Answer and/or its affirmative defenses accordingly.

Dated: June 3, 2024             Respectfully submitted,

                                    /s/ *Valerie L. Hletko*
                                    Valerie L. Hletko (N.D. Ill. Bar No. 6323429)
                                    COVINGTON & BURLING LLP

One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel.: (202) 662-6000
vhletko@cov.com

Julie B. Porter (N.D. Ill. Bar No. 6243787)
SALVATORE PRESCOTT PORTER &
PORTER, PLLC
1010 Davis Street
Evanston, IL 60201
Tel: (312) 283-5711
porter@spplaw.com

*Attorneys for Defendant Bankers Healthcare
Group, LLC*